CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 23 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WILLIAM E. DEKLE,<br>  Petitioner, | )<br>)<br>) Civil Action No. ~~7:06-cv-0075~~  7:06-CV-00755 |
| v. | )<br>) MEMORANDUM OPINION<br>) |
| TERRY O'BRIEN, Warden, et. al.,,<br>  Respondents. | ) By: Hon. James C. Turk<br>) Senior United States District Judge |

Petitioner William E. Dekle, a federal inmate proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioner claims that his confinement pursuant to his federal conviction in the United States District Court for the Northern District of Florida is unconstitutional. Upon review of the petition, the court concludes that petitioner has failed to demonstrate entitlement to relief under § 2241.

## I. PROCEDURAL HISTORY

On July 22, 1987, Dekle was charged with ten counts of a fourteen-count indictment returned by a federal grand jury in the United States District Court for the Northern District of Florida. Count One charged the defendant with conspiring to import 1,000 kilograms or more of marijuana in violation of 21 U.S.C. § 963. Count Two charged the defendant with conspiring to possess with the intent to distribute 1,000 kilograms or more of marijuana in violation of 21 U.S.C.§ 846. Counts Three, Five, Seven, and Nine charged the defendant with importation of 1,000 kilograms or more of marijuana in violation of 21 U.S.C. § 841.

On November 9, 1990, following a jury trial in the Northern District of Florida, the jury returned a guilty verdict on all counts charged against defendant. Defendant was sentenced to life

1

without possibility of parole on counts One and Two, and thirty years each on counts Three through Ten with the terms of imprisonment to run concurrently.

On December 12, 2006, petitioner filed a motion for relief under 28 U.S.C. § 2241.. Respondents filed a motion to dismiss on March 7, 2007. On March 8, 2007, Dekle was sent a notice directing him to file any response to Respondents' motion within twenty (20) days. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (Fed. R. Civ. P. 12(b) requires that parties must be given proper notice and an opportunity to respond before a motion to dismiss may be converted into a motion for summary judgment). Respondents' motion to dismiss is now ripe for review.

## II. ANALYSIS

A district court may not entertain a § 2241 petition attempting to invalidate a sentence or conviction unless a motion pursuant to § 2255 is "inadequate or ineffective to test the legality of [an inmate's] detention." Swain v. Pressley, 430 U.S. 372, 381 (1977). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate" or "ineffective." See In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997). The United States Court of Appeals for the Fourth Circuit has found that § 2255 is inadequate and ineffective to test the legality of an inmate's conviction only when the inmate satisfies a three-part standard by showing that:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of §2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

2

The claims petitioner now raises could have been addressed in a timely filed § 2255 motion to test the legality of his confinement. Moreover, the petition does not indicate any respect in which his case meets the standard under Jones so as to qualify for consideration under § 2241. Petitioner does not point to any recent change of substantive law, and the court is unaware of any precedent making it legal to import, possess, and conspire to distribute 1,000 kilograms or more of marijuana. Accordingly, petitioner fails to meet the Jones standard to show that § 2255 is inadequate or ineffective to test the legality of his conviction, his claims cannot be addressed under § 2241, and this petition must be dismissed.

### III. Conclusion

The court will dismiss this § 2241 petition as petitioner fails to demonstrate that he is entitled to relief. An appropriate order shall be issued this day. The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within sixty (60) days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this opinion and the accompanying order to petitioner.

ENTER: This 23rd day of August, 2007.

/s/ James C. Turk
Senior United States District Judge